IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JEFFERY GERMANY and
NATALIE GERMANY                                                          **PLAINTIFFS**

**VERSUS**                              CIVIL ACTION NO.:  <u>3:24-cv-674-KHJ-MTP</u>

RANKIN COUNTY SHERIFF'S DEPARTMENT
and  JOHN DOES 1-10                                                     **DEFENDANTS**

## COMPLAINT
### (Jury Trial Demanded)

COME NOW, Plaintiffs  Jeffery Germany and Natalie Germany , by and through their

attorney of record, Trent L. Walker,  and file this Complaint, and in support would show unto the

Court the following:

### INTRODUCTION

1.       For their Complaint, Plaintiffs Raju Jeffery Germany and Natalie Germany, adult

residents of Rankin County, Mississippi, by and through their attorney, state and alleges as

follows:

2.       This cause of action arises out of the brutal assault of Jeffery Germany by Rankin

County deputies John Does 1-10, which occurred on or about October 25, 2021, at the in Rankin

County, Mississippi and in the offices of the Rankin County Sheriff's Department at 221 North

Timber Street, Brandon, Mississippi 39042.  This cause of action is for monetary damages

brought under 42 U.S.C. § 1983 to redress the deprivation under color of state law of Jeffery and

Natalie Germany's clearly established rights as secured by the Fourth and Fourteenth

Amendments to the United States Constitution against Defendants Rankin County Sheriff's

Department, and John Does 1 through 10 in their respective capacities as duly-certified law

enforcement officers employed by the Rankin County Sheriff's Department (collectively, the


EXHIBIT 1

"Defendant Officers"), for their respective violations of Mr. Germany's and Mrs. Germany's right to be free from the use of excessive force; and (2) Defendant Rankin County Sheriff's Department for its failure to train, failure to properly supervise, unconstitutional policies, customs and/or practices under ***Monell*** and its progeny.

## VENUE AND JURISDICTION

3.      This Court has jurisdiction over federal questions pursuant to 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. §§ 1983, 1988.

4.      Venue is proper in this Court under 28 U.S.C. §1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the Southern District of Mississippi. Moreover, upon information and belief, all of the parties reside in this Judicial District.

5.      This Court has jurisdiction over the parties herein in that the acts and omissions complained of herein occurred in Rankin County, in the Southern District of Mississippi.

6.       Venue is proper in this Court pursuant to Miss.Code Ann.§11-11-3 in that the named defendants reside in Rankin County, and the acts and omissions complained of occurred in Rankin County.

## PARTIES

7.      Plaintiffs Jeffery Germany and Natalie Germany are adult residents of Mississippi.

8.      Defendant, Rankin County, Mississippi is a political subdivision of the State of Mississippi and may be served with process of this court.   The Rankin County Sheriff's Department ("Sherriff Department") is and was at all times material hereto a Rankin County agency, providing the vehicle through which Defendant Rankin County, Mississippi fulfills its policing functions.

9.     Upon information and belief, Defendant John Does 1 through 10 are and were at all times material hereto citizens of the United States and the state of Mississippi.  Does 1-10 were at all times material hereto employed by the Sheriff's Department as  duly appointed and sworn police officers and were acting in their individual capacity and/or under color of state law, and within the scope of their employment.

## FACTS

10.     On or about October 25, 2021, the plaintiff, Jeffery Germany suffered a mental health episode and was threatening to commit suicide. Plaintiff, Natalie Germany, and other family members called 911 for assistance and deputies from the Rankin County Sheriff's Department responded.

11.     Deputies apprehended Jeffery Germany in the woods near the Germany residence. During the apprehension of Jeffery Germany, deputies unnecessarily tazed him.  He was then transported to the Rankin County Sheriff's Department.

12.     Despite the prior knowledge that Jeffery Germany was a suicide risk, rather than having Jeffery Germany evaluated and treated for his apparent mental health episode, deputies punched, beat, and kicked Jeffery Germany in the investigative offices of the Sheriff's Department.  To further the humiliation of the plaintiff, Jeffery Germany and his wife, Natalie Germany, the Defendant officers forced Natalie Germany to participate in the beating and humiliation of her husband, Jeffery Germany in the Sheriff's Department investigative offices.

13.     While some officers took part in the unconstitutional deprivation of the rights of Jeffery Germany and Natalie Germany, other officers stood watch to ensure that the deputies would not be discovered.

14.     As a result of the actions of the Defendant Officers, who were at all times acting in their capacities as deputies of the Rankin County Sheriff's Department, the plaintiffs, Jeffery and Natalie Germany, suffered, physical, mental, and emotional trauma.

15.     Plaintiff, Jeffery Germany was later transferred to the Mississippi State Hospital for evaluation and treatment.

## CAUSES OF ACTION

### COUNT I– 42 U.S.C. §1983 – FOURTH AND FOURTEENTH AMENDMENT VIOLATIONS AGAINST JOHN DOE DEFENDANTS 1-10, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES

16.     Plaintiff incorporates and re-alleges all preceding paragraphs as though fully pleaded herein.

17.     The conduct by Defendant Officers, constituted excessive force in violation of the Fourth and Fourteenth Amendments of the United States Constitution, and clearly established law.

18.     At all material times, the Defendant Officers John Does 1-10 were each acting under color of state law, as agents of Rankin County, Mississippi, and within the scope of their employment and authority as duly certified law enforcement officers of the Rankin County, Mississippi.

19.     At all times material hereto, Defendant Officers failed to intervene in the violation of Mr. and Mrs. Germany's federal rights as well as failed to render medical assistance to the plaintiff, despite observing the use of excessive force.  Defendant Officers are therefore liable to the plaintiffs.

20.    At all material times, none of the Defendant Officers had any reason to believe that the plaintiff was armed or dangerous. At all material times, the Defendant officers had full control of Jeffery Germany, and he was fully compliant with their commands.

21.    At all material times after Jeffery Germany had been arrested by the Defendant Officers and transported to the Sheriff's Department, no Defendant Officer had any reasonable fear of imminent bodily harm from the plaintiff, Jeffery Germany, nor did any Defendant Officer have a reasonable belief that any other person was in danger of imminent bodily danger from the plaintiff, Mr. Jeffery Germany.

22.    It was a violation of Mr. Germany's Fourth and Fourteenth Amendment rights for the defendants not to render medical aid following Mr. Germany's beating.

23.    As a result of the Defendant Officers' unjustified, excessive, and illegal, use of force, Mr. Germany experienced conscious pain and suffering and sustained numerous physical injuries. As a result of the actions of the Defendant officers, Natalie Germany suffered mental and emotional injuries.

24.     In addition to these uses of unjustified, excessive, illegal, and use of force, each of the Defendant officers had a duty to intervene on behalf of a detainee whose constitutional rights were being violated in their presence by another officer.

25.    Defendant Officers all recognized that the force being used was excessive and unreasonable under the circumstances.

26.    Defendant Officers each observed and were in a position to intervene to stop the beating the plaintiff was taking.

27.    Moore and Doe Defendants failure to intervene in unreasonable force violated Mr. Germany's clearly established Fourteenth Amendment rights and caused the plaintiff to

experience conscious pain and suffering and to suffer compensatory and special damages as defined under federal common law and in an amount to be determined by jury.

28.     Punitive damages are available against the Defendants and are hereby claimed as a matter of federal common law. Plaintiff is entitled to recovery of costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988.

### COUNT II – 42 U.S.C. §1983 – MONELL LIABILITY AGAINST RANKIN COUNTY, MISSISSIPPI

29.     Plaintiff hereby incorporates and re-alleges all preceding paragraphs as though fully pleaded herein.

30.     The Rankin County Board of Supervisors and Sheriff Bryan Bailey had final policymaking authority with regard to establishing written policies and training programs governing the conduct of Rankin County Sheriff deputies performing policing functions on behalf of the County

31.     The Rankin County Board of Supervisors and Sheriff Bryan Bailey established and/or approved of The Rankin County Sheriff Department's written policies and training governing the conduct of Rankin County Sheriff deputies performing policing and jailing functions.

32.     The policies and training established and/or approved by The Rankin County Board of Supervisors and Sheriff Bryan Bailey constitute the official policy of Rankin County, Mississippi and were the moving force behind and caused Plaintiff's injuries.

33.     Rankin County, Mississippi acting by and through its Board of Supervisors and Sheriff Bryan Bailey and other policymakers, had knowledge of Rankin County Sheriff Department's unconstitutional patterns and practices and knowledge that the same gave rise to a risk of violations of citizens' federal rights.

34.   Rankin County, Mississippi, acting by and through its Rankin County Board of Supervisors and Sheriff Bryan Bailey and/or other policymakers, made a deliberate and/or conscious decision to disregard the known risk of harm that would result from the Sheriff Department's unconstitutional patterns and practices and was deliberately indifferent to and/or tacitly authorized the same.

35.   On or prior to October 25, 2021, Rankin County, Mississippi, with deliberate indifference to the rights of arrestees, detainees, and the like, tolerated, permitted, failed to correct, promoted, or ratified a number of customs, patterns, or practices that failed to provide for the safety of arrestees and detainees.

36.   On or prior to October 25, 2021, Rankin County Mississippi, with deliberate indifference to the rights of arrestees, detainees, and the like, tolerated, permitted, failed to correct, promoted, or ratified a number of customs, patterns, or practices that condoned and required officers to turn a blind eye to and not intervene with the use of excessive force by the Rankin County Sheriff's Department.

37.   On or prior to October 25, 2021 Rankin County, Mississippi, with deliberate indifference to the rights of arrestees, detainees, and the like, tolerated, permitted, failed to correct, promoted, or ratified a number of customs, patterns, or practices that shall be further identified in discovery.

38.   Rankin County, Mississippi with deliberate indifference to the rights of arrestees, detainees, and the like, continued to employ the Defendant Officers despite knowledge of their repeated unconstitutional, unlawful, or other improper conduct.

39.   Rankin County, Mississippi's failure to terminate or properly discipline the Defendant Officers is part of its larger custom, police, or practice of failing to supervise,

terminate, or properly discipline its officers for unconstitutional, unlawful, or otherwise improper conduct, and thereby encouraged Defendant Officers to continue engaging in unlawful acts towards detainees, including the Plaintiff.

40.    On or prior to October 25, 2021, Rankin County, Mississippi with deliberate indifference to the rights of arrestees, detainees, and the like, tolerated, permitted, failed to correct, promoted, or ratified its agents, by providing improper and harmful training to officers.

41.    The actions of the Defendant Officers took place at the Rankin County Sheriff's Department.  The brutal unprovoked nature of the attack and the failure to intervene, rendered aid or provide medical assistance infer that Defendant Officers expected no discipline and had nothing to fear as a result of their actions.  Jenkins, et al. v. Rankin County, Mississippi, et al., 3:23-cv-374-DPJ-ASH, [Doc. # 63 at pp. 13-14], (S.D. Miss. July 24, 2024) See Listenbee v. City of Harvey, No. 11-C-03031, 2013 WL 5567552, at *3 (N.D. Ill. Oct 9, 2013).

### *COUNT III – 42 U.S.C. §1983*

42.    Plaintiff hereby incorporates and re-alleges all preceding paragraphs as though fully pleaded herein.

43.    Rankin County, Mississippi failed to properly supervise, train or modify its training to Defendant Officers and its other officers, including but not limited to, matters related to the reasonable and appropriate use of force, intervention in the excessive use of force by fellow officers, and the appropriate rendering of medical assistance to detainees  and individuals who were known to members of the Department to be suffering from mental health issues.

44.    Illegal use of force during detention  is a usual and recurring situation which the Rankin County Sheriff's Department law enforcement officers and other agents encounter on a regular basis.  As such, Rankin County, Mississippi was aware of a need for more and different

training. Rankin County, Mississippi specifically knew that its officers needed proper supervision.

45.     Rankin County, Mississippi, with deliberate indifference to the rights of citizens, failed to provide adequate training and supervision to its officers.

46.     Rankin County was aware that deprivation of the constitutional rights of citizens was likely to result from its lack of training, proper supervision, and the failure to modify its training.

47.     As such, Rankin County, Mississippi was deliberately indifferent and exhibited reckless disregard with respect to the potential violation of constitutional rights.

48.     The failure to train, supervise and/or to appropriately modify training constituted official Rankin County, Mississippi policies, practices, or customs.

49.     Rankin County, Mississippi's failure to train, supervise and/or to modify training was behind the acts and omissions the Defendant Officers made toward Mr. Germany and Mrs. Germany.

50.     As a direct and proximate result of Rankin County's acts and omissions, Mr. and Mrs. Germany suffered injuries, and experienced pain and suffering.

51.     As a direct and proximate result of the acts and omissions described herein, Mr. and Mrs. Germany suffered compensatory and special damages as defined under federal common law and in an amount to be determined by jury.

52.     Plaintiff is entitled to recovery of costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988.

## IV.
## DAMAGES
## ECONOMIC DAMAGES

53.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

54.     As a result of the act(s) or omission(s) of these Defendants, Plaintiff seeks the recovery of any and all kinds of economic damages available under the law and incurred as a result of the actions and inactions of the defendants, and the injuries sustained by the plaintiff.

## NON-ECONOMIC DAMAGES

55.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

56.     As a result of  the act(s) or omission(s) of these defendants, plaintiff seeks recovery for certain non-economic damages which occurred as a result of the Defendants' negligent act(s) or omission(s); including, but not limited to: physical injuries, pain and suffering, severe mental pain and suffering, anguish, inconvenience, worry, emotional distress, loss of the enjoyment of life, medical or special damages, and other damages, directly attributable to the occurrence made the basis of this lawsuit and directly attributable to his injuries and the harm he has sustained.

57.     Plaintiff has suffered out-of-pocket expenses which include travel expenses, attorneys' fees, costs of court, time from work and other expenses.  Accordingly, Plaintiffs seek all general, special, incidental, and consequential damages as shall be proven at the time of trial, including exemplary and enhanced damages.  Plaintiffs seek pre-judgment interest at a rate commensurate with the actual rate of interest in the marketplace or, alternatively, a statutory rate

of interest because of the delay in receiving the damages and also to avoid unjust enrichment to Defendants. Plaintiffs also seek post-judgment interest at the maximum rate allowed by law.

58.     The total amount of damages suffered by Plaintiffs is significant and continuing in nature. Plaintiffs reserve the right to amend and state further with respect to their damages.

## PUNITIVE DAMAGES

59.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

60.     Pursuant to Miss. Code Ann. § 11-1-65, inasmuch as the conduct of these Defendants, constitutes a willful, wanton, egregious and reckless disregard for the rights and safety of the Plaintiff, an award of punitive damages is appropriate and necessary under these facts.

## ATTORNEYS FEES

61.     Pursuant to the Civil Rights Attorney's Fee Award Act, 42 U.S.C. §1988, a prevailing part in a §1983 case is entitled to recover his or her attorney's fees. Hence the Plaintiffs further pray for all costs and attorney's fees associated with bringing the present case to trial.

## PLAINTIFF DEMANDS A JURY TRIAL AS TO ALL ISSUES OF FACT HEREIN.

## Prayer for Relief

WHEREFORE, Plaintiffs Jeffery and Natalie Germany, pray for judgment against Defendants as follows:

a.     As to Count I, a money judgment against Defendant Officers,  for compensatory, special, and punitive damages and punitive damages together with costs and disbursements, including reasonable attorneys' fees, under 42 U.S.C. § 1988 and prejudgment interest.

b.    As to Count II, a money judgment against Defendant Rankin County, Mississippi for compensatory and special damages in an amount to be determined together with costs and disbursements, including reasonable attorneys' fees, under 42 U.S.C. § 1988 and prejudgment interest.

c.    As to Count III, a money judgment against Defendant Rankin County, Mississippi for compensatory and special damages in an amount to be determined together with costs and disbursements, including reasonable attorneys' fees, under 42 U.S.C. § 1988 and prejudgment interest.

d.    For the appointment of a receiver or similar authority to ensure that the Rankin County  properly trains and supervises

e.    For such other and further relief as this Court deems just and equitable.

RESPECTFULLY SUBMITTED,
JEFFERY GERMANY AND NATALIE
GERMANY, PLAINTIFFS

By:____/s/ TRENT L. WALKER_____
         Trent L. Walker, (MSB# 10475)

**TRENT WALKER, COUNSELOR AT LAW, PLLC**
**5255 KEELE STREET, SUITE A**
**JACKSON, MISSISSIPPI 39206**
**PHONE 601-321-9540**
**FACSIMILE 601-398-3918**
Trent@Trentwalkerlaw.com