UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JEFFERY GERMANY and**                                                   **PLAINTIFFS**
**NATALIE GERMANY**

**v.**                                            **CAUSE NO. 3:24-cv-674-KHJ-MTP**

**RANKIN COUNTY SHERIFF'S DEPARTMENT, et al.**                    **DEFENDANTS**

### MEMORANDUM OF AUTHORITIES IN SUPPORT OF
### MOTION FOR JUDGMENT ON THE PLEADINGS

**COMES NOW** Defendant Rankin County Sheriff's Department ("RCSD"), by and through counsel, and in support of its motion for judgment on the pleadings brought pursuant to Fed. R. Civ. P. 12(c), states as follows:

I. **INTRODUCTION & STATEMENT OF FACTS**

Plaintiffs Jeffery Germany ("Jeffery") and Natalie Germany ("Natalie") filed their [1] Complaint (Exhibit 1) on October 25, 2024, and allege federal § 1983 claims against RCSD related to Jeffery's arrest on or around October 25, 2021. Specifically, Plaintiffs allege that on the date in question, Jeffery was suffering a "mental health episode" and was "threatening to commit suicide," when Natalie "and other family members called 911 for assistance and deputies from the [RCSD] responded." *Id.*, ¶ 10. According to Plaintiffs, "none of the Defendant Officers had any reason to believe that [Jeffery] was armed or dangerous." *Id.*, ¶ 20. Further, it is alleged that deputies "unnecessarily tazed" Jeffery while apprehending him "in the woods near [his] house." *Id.*, ¶ 11. Once apprehended, Plaintiffs allege that Jeffery was "punched, beat, and kicked" while at the RCSD and Natalie was "forced … to participate in the beating and humiliation." *Id.*, ¶ 12.

But the facts alleged in the [1] Complaint are unequivocally false, as testified to by Jeffery on February 24, 2025. *Deposition* (Exhibit 2). Contrary to the allegations that Jeffery was suffering a "mental health episode" and "threatening to commit suicide," a 911 call was made by Jeffery's grandmother on the date in question, in which the following exchange occurred:

>911 OPERATOR: This is 911. What is the address of your emergency?
>
>CALLER: I need somebody at 110 now on Marsman. He's kidnapping his wife. He's killing her. Now. Now.
>
>911 OPERATOR: What is the address?
>
>CALLER: It's Germany. It's 110 Marsman. Come quick. Come quick. I said quick. He's going to kill (indiscernible.) Quick. Quick.
>
>911 OPERATOR: All right, ma'am. You said 110 Morrison?
>
>CALLER: Now. Now. Now. Now.
>
>911 OPERATOR: All right. I'm showing you at Magnolia Road.
>
>CALLER: Come on. She's – he's killing her. Come on.
>
>911 OPERATOR: Ma'am, what is your address? Because you're pinging off of (indiscernible) Ridge.
>
>CALLER: He's run off in the ditch. Come on. Come on. He's back in the truck. He's going to kill her. Come on. Come on.
>
>911 OPERATOR: Ma'am, what is the address?
>
>CALLER: Come on. Come on. Come on. Hurry.
>
>911 OPERATOR: Ma'am? Ma'am?

Exhibit 2, pgs. 17-20. Contrary to allegations that Jeffery was unarmed when he was "unnecessarily tazed" while being apprehended, Jeffery admitted during his deposition that he was armed with a shotgun at the time of his arrest, *Id.*, pg. 15, and that absolutely no force

was used during his arrest. *Id.*, pg. 8; *see also BWC Video of Arrest* (Exhibit 3 – Filed Conventionally). Jeffery was booked into the Rankin County Adult Detention Center later the same day with no apparent injuries. *Booking Photo* attached to Exhibit 2.

II.  **LEGAL PRECEDENT AND ANALYSIS**

   A.  **Rule 12(c) Standard of Review**

The standard under Rule 12(c) and Rule 12(b)(6) are "the same". *Vardeman v. City of Houston,* 55 F.4th 1045, 1049 (5th Cir. 2022). Where a complaint fails to contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" dismissal under 12(c) is warranted. *Id.,* at 1050 (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Bell Atl. Cor. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted). Accordingly, the Court cannot accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," which "do not permit the court to infer more than a mere possibility of misconduct." *Iqbal*, 556 U.S. at 678-79, 129 S. Ct. at 1949-50. A claim is considered plausible on its face if the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Bell Atl. Corp.,* 550 U.S. 544. A complaint cannot survive if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.,* at 557.

   B.  **The allegations are directly disputed by video evidence and Jeffery's deposition testimony**

The allegations in Plaintiffs' [1] Complaint are a frivolous, false, and/or fabricated recitation of what transpired on October 25, 2021.[1] The Plaintiffs' version of the events is

---

[1] A complaint is considered frivolous if it lacks an arguable basis in law or fact. *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992); Although court must "accept all well-pled facts as true,

3

clearly disputed by body camera footage and Jeffery's own deposition testimony. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 1776 (2007). And where one version of facts is so "utterly discredited" by a videotape, facts should be viewed "in the light depicted by the videotape." *Id.* at 380-81; *see also Thompson v. Mercer*, 762 F.3d 433, 435 (5th Cir. 2014) (Holding that courts should "not adopt a plaintiff's characterization of the facts where unaltered video evidence contradicts that account.").

The allegations in the [1] Complaint are not only contradicted by video evidence, but they are also contradicted by Jeffery's sworn deposition testimony. Even after becoming aware of the false allegations in the [1] Complaint, Plaintiffs made no attempt to amend the pleading and forced Defendant to incur the expense of responding thereto.

For these reasons, the [1] Complaint should be dismissed and RCSD should be awarded § 1988 fees for having to respond to same.

C. **RCSD is not amenable to suit**

Pursuant to Fed. R. Civ. P. 17(b)(3), the "capacity to sue or be sued is determined by the law of the state in which the court is located." *Id.*; *Rowry v. City of Meridian*, No. 3:22-cv-68-CWR-FKB, 2023 U.S. Dist. LEXIS 48317, at *4-5 (S.D. Miss. Mar. 22, 2023). According to Mississippi law, the Rankin County Sheriff's Department "does not enjoy a separate legal existence, apart from [the] County" – *i.e.*, "is not a political subdivision and not amenable to

---

construing all reasonable inferences in the complaint in the light most favorable to the plaintiff … unwarranted factual inferences…are not accepted as true." *Allen v. Hays*, 65 F.4th at 743 (5th Cir. 2023).

suit." Rowry, 2023 U.S. Dist. LEXIS 48317, at *5 (quoting *Brown v. Thompson*, 927 So. 2d 733, 737 (Miss. 2006)). This Court have consistently held the same. *Id.* (collecting cases).

Because only the RCSD has been named a Defendant in this litigation, any and all claims should be dismissed.

### D. **No Facially Plausible *Monell* Claim**

A properly pleaded *Monell* claim requires "proof of three elements: a policy maker; an official policy, and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston,* 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 494, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)). "[I]t is well established that there must be an underlying Constitutional violation for there to be a claim under *Monell*." *Landry v. Laborde-Lahoz*, 852 Fed. App'x 123, 127 (5th Cir. 2021) (citation omitted). And no Constitutional claim is alleged by Jeffery – under the version of facts from the video and his deposition testimony – and/or Natalie.

Further, "isolated unconstitutional actions by municipal employees will almost never trigger liability," which is why courts have consistently and "roundly rejected municipal liability based on a theory of respondeat superior." *Harris v. Jackson County*, 684 F. App'x 459, 463 (5th Cir. 2017) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)); *Monell*, 436 U.S. at 691, 98 S. Ct. at 2036). Instead, "the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur." *Harris*, 684 F. App'x at 463; *see also Jackson v. City of Hearne*, 959 F.3d 194, 204 (5th Cir. 2020).

Plaintiffs make general allegations regarding policies, procedures, training, and/or supervision, but fail to allege any specifics regarding same. Their generic, thread-bare allegations are insufficient as a matter of law.

"Generally, a plaintiff must show that the policy was implemented with 'deliberate indifference' to the 'known or obvious consequences' that a constitutional violation would result." *Martinez v. Harris County*, No. 24-20194, 2025 U.S. App. LEXIS 7023, at *20 (5th Cir. Mar. 26, 2025) (quoting *Ford v. Anderson County*, 102 F.4th 292, 319-20 (5th Cir. 2024)). (citing *Alvarez v. City of Brownsville*, 904 F.3d 382, 390 (5th Cir. 2018) (*quoting Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 407, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997))). Plaintiffs failed to allege any specific customs, policies, and/or practices of the RCSD and failed to allege with any specificity how any custom, policy, and/or practice was the moving force behind any alleged Constitutional violations, if any. Accordingly, any and all claims against the RCSD should be dismissed.

E.     **Punitive Damages**

Plaintiffs cannot recover punitive damages from Rankin County and/or the RCSD under § 1983. *Thomas v. City of Laurel*, No. 2:19-CV-112-KS-MTP, 2019 U.S. Dist. LEXIS 238043, at *9 (S.D. Miss. Dec. 5, 2019) (citing *Newport v. Fact Concerts*, 453 U.S. 247, 271, 101 S. Ct. 2748, 69 L. Ed. 2d 616 (1981); *Gill Ramirez Grp., LLC v. Houston Indep. Sch. Dist.*, 786 F.3d 400, 412 (5th Cir. 2015)). Accordingly, any and all claims seeking punitive damages of and from this Defendant should be dismissed.

F.     **§ 1988 Fees and Sanctions**

Section 1988 allows district courts, in their discretion, to award fees to the prevailing party for actions brought under 42 U.S.C. §§ 1983 and 1985. See 42 U.S.C. § 1988(b). "The

primary purpose of [§ 1988] is to encourage private enforcement of the civil rights statutes" (*Vaughner v. Pulito*, 804 F.2d 873, 878 (5th Cir. 1986)), while at the same time "protect[ing] defendants from burdensome litigation having no legal or factual basis." *Dean v. Riser*, 240 F.3d 505, 508 (5th Cir. 2001). An award of attorneys' fees to a prevailing defendant under § 1988 is proper upon a finding that the plaintiff's suit was "'frivolous, unreasonable, or groundless,' or if 'the plaintiff continued to litigate after it clearly became so,'" regardless of whether the suit was brought in good faith. *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642, 1646 (2016) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)).

As explained herein, Jeffery knew that his claims against the RCSD were factually baseless and/or frivolous as of his deposition testimony provided on February 24, 2025. Yet he proceeded with requesting a waiver of service of summons thereafter and required this Defendant to respond to the pleading despite knowledge of its falsity. As a result, Defendant respectfully requests this Court award it attorneys' fees of and from Jeffery Germany as deemed appropriate and just.

III. **CONCLUSION**

For the foregoing reasons, Rankin County Sheriff's Department respectfully requests that it be granted judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), with any and all claims against it being dismissed and with § 1988 fees awarded in its favor.

**RESPECTFULLY SUBMITTED**, this 22nd day of April, 2025.

        **RANKIN COUNTY SHERIFF'S DEPARTMENT –**
        **DEFENDANT**

        **BY:**     _/s/ Jason E. Dare_
                **JASON E. DARE**

**OF COUNSEL:**

Jason E. Dare (MSB No. 100973)
jdare@bislawyers.com
BIGGS, INGRAM & SOLOP, PLLC
Post Office Box 14028
Jackson, Mississippi 39236-4028
Telephone:  (601) 987-5307
Facsimile:   (601) 987-5307