IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JEFFERY GERMANY and**
**NATALIE GERMANY**                                                                     **PLAINTIFFS**

**VERSUS**                                          **CIVIL ACTION NO.: 3:24-674 MTP-KHJ**

**RANKIN COUNTY SHERIFF'S DEPARTMENT**
**and JOHN DOES 1-10**                                                                  **DEFENDANTS**

<u>**MEMORANDUM IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S**</u>
<u>**MOTION FOR JUDGMENT ON THE PLEADINGS**</u>

**COME NOW** the Plaintiff's Jeffery Germany and Natalie Germany, by and through undersigned counsel, and file this Memorandum of Authorities in Support of Plaintiffs' Response to the Defendants' Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) as follows:

I.   **INTRODUCTION AND STATEMENT OF FACTS**

On October 25, 2021, plaintiff Jeffery Germany, while suffering a mental health episode and while in a suicidal state, was arrested by deputies of the Rankin County Sheriff's Department. The Complaint alleges that Mr. Germany was tased unnecessarily during his arrest, but Mr. Germany has denied that allegation under oath in <u>**Jenkins and Parker v. Rankin County, Mississippi**</u>, 3:23-CV-374-DPJ-ASH.  After the plaintiff was arrested, he alleges that he was brutally beaten while in the investigative offices of the Rankin County Sheriff's Department; that the participating deputies forced Jeffery Germany's wife, Natalie Germany to participate in the beating by striking him while he was in the investigative offices of the Sheriff's Department, that some deputies stood watch to ensure that they would not be discovered; that all deputies failed to intervene, and failed to render medical assistance after the brutal beating.  See [1] Complaint, paragraphs 10 through 15.

## II. STANDARD OF REVIEW

The Standard for deciding a motion under Fed.R.Civ.Pro. 12(c) is the same as the one for deciding a Motion under Fed.R.Civ.Pro. 12(b)(6). **_Great Plains Tr. Co. v. Morgan Stanley Dean Witter_**, 313 F.3d 305, 313 (5th Cir.2002). When considering a Motion under 12(b)(6), the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." **_Jenkins and Parker v. Rankin County, Mississippi_**, 3:23-CV-374-DPJ-ASH [63] at page 4; **_Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit_**, 369 F.3d 464, 467(5th Cir. 2004) (quoting **_Jones v. Greninger_**, 188 F.3d 322, 324 (5th Cir. 1999).

To overcome a Rule 12(b)(6) motion, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." **_Jenkins and Parker v. Rankin County, Mississippi_**, 3:23-CV-374-DPJ-ASH [63] at page 4; **_Bell Atl. Corp. v. Twombly_**, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." **_Id._** at 555 (citations and footnotes omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." **_Jenkins and Parker v. Rankin County, Mississippi_**, at page 5, (citing **_Ashcroft v. Iqbal_**, 556 U.S. 662,678 (2009); **_Twombly_**, 550 U.S. at 556). "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements." **_Jenkins_**, at page 5; **_In re S. Scrap Material Co., LLC_** 541 F.3d 584, 587 (5th Cir. 2008) (citing **_Twombly_**, 550 U.S. at 556).

### III.     ARGUMENT

**A. The allegations in Plaintiffs' [1] Complaint are not false and are not directly disputed by Jeffery Germany's deposition testimony and video evidence.**

The Defendant, Rankin County, Mississippi begins its argument by stating that the allegations of the Complaint are "unequivocally false." As proof, the Defendant submits portions of Jeffery Germany's deposition taken in ***Jenkins and Parker v. Rankin County, Mississippi***, *supra*. As an initial matter, the defendant is seeking to convert their 12(b)(6) motion into a Motion for Summary Judgment under Rule 56. This should not be allowed at this stage of the proceeding, since a Rule 12(b)(6) motion merely tests the sufficiency of the allegations of the Complaint and does not seek to determine the truth or falsity of any allegation.

Notwithstanding, the defendant claims that Jeffery Germany disavowed the allegations of the complaint, or that the 911 transcript and video evidence submitted by the defendant prove the falsity of the claims in the complaint.

First, Jeffery Germany testified that only on sentence in paragraph 11 of the Complaint was not true. He has not disavowed any other allegation made in the complaint. The Complaint places more focus on the activities within the investigation offices of the Sheriff's Department, than on anything that happened at the time of the arrest. Nothing in Jeffery Germany's deposition, the 911 transcript, or the body worn camera video of the arrest (defendants exhibits 1-3) addresses the plaintiffs' allegations about what happened in the investigative offices of the Sheriff's Department.

**B. The Rankin County Sheriff's Department is not a political subdivision and is not amenable to suit.**

While it is true that the Rankin County Sheriff's Department is not a political subdivision of the State of Mississippi, Rankin County, Mississippi is very much a political subdivision. While the Caption of the Complaint lists the Rankin County Sheriff's Department as a party, the

entirety of the body of the complaint itself refers to Rankin County as the defendant. Paragraph 8 refers to Rankin County as a political subdivision and refers to the Sheriff's Department as the agency through which Rankin County fulfils its policing functions. Paragraph 18 of the Complaint refers to the John Doe defendants as agents of Rankin County and as duly certified law enforcement officers of Rankin County. The averments of paragraphs 33 through 52 of the complaint all refer to Rankin County as the defendant.

If the defendant's claim that the law of the State of Mississippi should prevail as to whether the proper party has been named as a defendant, we should look to the Mississippi Rules of Civil Procedure for guidance. The advisory notes to Rule 10, which controls the form of pleading states:

> Failure to comply with the requirements of Rule 10(b) is not ground for dismissal of the complaint or striking the answer. Instead, the court, upon a motion or on its own, may order a party to amend the pleading so as to comply with the provisions of Rule 10(b). See, e.g., **_3M Co. v. Glass_**, 917 So. 2d 90, 92-94 (Miss. 2005); **_Harold's Auto Parts, Inc. v. Mangialardi_**, 889 So. 2d 493, 494-95 (Miss. 2004).

Thus, the proper remedy is not dismissal of the complaint, as the defendant urges the court, it is to allow the Complaint (in this case, the caption) to be amended to reflect the proper party as Rankin County, as is alleged throughout the body of the Complaint.

### C. Plaintiffs have pleaded a facially plausible _Monell_ claim against this Defendant.

The Defendant also alleges that the plaintiffs have not pled a facially plausible claim under **_Monell v. Dept. of Soc. Servs_**., 436 U.S. 658 (1978).

Paragraphs 29-36 of the Complaint speak to a custom of deliberate indifference and constructive knowledge of both the Rankin County Board of Supervisors as well as the Sheriff

and other policymakers of the county with regard to the pattern of excessive force which had been displayed by some deputies within the Rankin County Sheriff's Department. The Complaint also alleges that the Sheriff improperly failed to train or supervise deputies under his watch.

"Proof of municipal liability sufficient to satisfy **_Monell_** requires (1) an official policy (or custom) of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose "moving force" is that policy (or custom)." **_Jenkins_**, at page 17; **_Pineda v. City of Houston_**, 291 F.3d 325, 328 (5th Cir. 2002); As the word "custom" indicates, the policy need not be written out or formally promulgated. "Cases have recognized that municipal custom can sometimes be proven through evidence of a persistent pattern of conduct." **_Jenkins_**, at page 17; **_Milam v. City of San Antonio_**, 113 F. App'x 622, 625 (5th Cir. 2004).

To the extent that the Court may believe that the **_Monell_** claim as laid out in the Complaint are "threadbare", the proper remedy is not a dismissal of that claim, but rather the court should allow the plaintiff's the opportunity to amend the Complaint. A plaintiff's failure to meet the specific pleading requirements should not automatically and inflexibly result in the dismissal of the complaint with prejudice to re-filing." **_Jenkins_**, at page 16; **_Hart v. Bayer Corp._**, 199 F.3d 239, 248 n.6 (5th Cir. 2000) (citation omitted). "Although a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." **_Id._**

**D. Plaintiffs cannot recover punitive damages from this Defendant under § 1983 as a matter of law.**

Having reviewed the applicable case law, the plaintiffs concede this point raised by the Defendant. The Complaint should be amended to exclude the claim of punitive damages against the county.

**E. The Defendant is not entitled to § 1988 fees from Plaintiffs because the allegations of the Complaint are not frivolous, unreasonable, and/or groundless.**

The Defendants allege that Jeffery Germany knew that his claims were frivolous and factually baseless according to his deposition testimony. Therefore, they claim to be entitled to attorney's fees under 42 U.S.C. §1988.

Attorneys' fees may not be assessed against a plaintiff who fails to state a claim under Rule 12 unless his complaint is frivolous. The defendants are disingenuous in their claim of frivolousness.

[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. **_Neitzke v. Williams_**, 490 U.S. 319,325 (1989). [The] term "frivolous," when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation. **_Id._**

In the case at bar, the allegations of the Plaintiffs, husband and wife, that the husband was subjected to excessive force at the hands of deputies of the Rankin County Sheriff's Department and that both were further humiliated when the deputies forced the wife to participate in the abuse of her husband, are far from frivolous. These claims certainly should not be subject to dismissal under Rule 12.

Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law. ***Id.*** at 327; ***Hishon v. King & Spalding***, 467 U.S. 69, 73 (1984); ***Conley v. Gibson***, 355 U.S. 41, 45-46 (1957). This procedure, operating on the assumption that the factual allegations in the complaint are true, stream- lines litigation by dispensing with needless discovery and factfinding. Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one. What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations. ***Niedzke,*** *supra* at 327 citing ***Hishon v. King & Spalding*** at 73.

## CONCLUSION

For the foregoing reasons, the Plaintiffs pray that this Honorable Court will deny the defendants Rule 12© claims and will grant the Plaintiff's any appropriate relief to which the Plaintiffs may be entitled.

**RESPECTFULLY SUBMITTED, THIS THE 20TH DAY OF MAY, 2025.**

       **JEFFERY GERMANY and NATALIE GERMANY**

       __/s/ TRENT L. WALKER__
  **By:** **TRENT WALKER, MSB#10475**

Trent Walker, MSB#10475
Trent Walker, Counselor at Law
5255 Keele Street, Suite A
Jackson, MS 39206
601-321-9540
Trent@Trentwalkerlaw.com

## CERTIFICATE OF SERVICE

I, Trent Walker, Attorney for the plaintiff do hereby certify that I have this day caused the foregoing document to be served via Mississippi Electronic filing on the following Counsel of record:

      Jason Dare
      jdare@bislawyers.com
      Biggs Ingram & Solop, PLLC
      P.O. Box 14028
      Jackson, MS 39236

This the 5th day of May, 2025.

       __/s/ TRENT L. WALKER__
     **By:** **TRENT WALKER, MSB#10475**