IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JEFFERY GERMANY, *et al.*                                                          PLAINTIFFS

VERSUS                                              CIVIL ACTION NO.: 3:24cv674-KHJ-MTP

RANKIN COUNTY SHERIFF'S DEPARTMENT, *et al.*                        DEFENDANTS

ORDER

This matter is before the court following the plaintiff's response [19] to a Show Cause order [17] issued by the court on June 27, 2025. To recap, the matter was set for a Case Management Conference on June 3, 2025, by order dated April 23, 2025. The conference was rescheduled for June 30, 2025 by a docket entry dated June 2, 2025. The order directed the parties to serve initial disclosures and to submit the confidential case memoranda to the Magistrate Judge on or before June 23, 2025.[1]

Plaintiff did neither. When the confidential memorandum did not arrive on time, the clerk of court made two courtesy calls to plaintiff's office to advise of the overdue materials. The efforts were not successful in procuring the required materials. As a result, the conference could not go forward, and the undersigned cancelled it and directed plaintiff to show cause.

The response was insufficient. While apologizing for the late submissions,[2] plaintiff's counsel essentially suggested that he's just too busy to comply with the court's order. He attached his calendar to show how busy he is. That misses the point. Everyone is busy. "Busyness" doesn't cancel the court order, not does it eliminate professional obligations to

---

[1] *See* Order [13].  (Initial Disclosures and Confidential Memoranda due seven (7) days prior to the case management conference). *See also*, docket entry of June 2, 2025.

[2] On July 1, 2025, plaintiffs filed their notice of service of initial disclosures [20] and on Saturday, June 28, 2025, their case memorandum was submitted to the Magistrate Judge. As the Case Management Conference was set for June 30, 2025, these materials did not arrive in time to conduct the conference.

the court, co-counsel and, most importantly, the client. An overloaded schedule can create a need to reschedule a conference or reset deadlines, and counsel knows how to request an extension if one is required. No extension was sought, and the deadlines and requirements of the order were simply ignored.

      A sanction could be imposed under the circumstances, but the court will exercise its discretion not to impose one. The conference will be reset by separate notice.

      SO ORDERED this the 3rd day of July, 2025.

                                  s/Michael T. Parker
                                  UNITED STATES MAGISTRATE JUDGE